**Byron GIZONI, Plaintiff–Appellant,**

v.

**SOUTHWEST MARINE, INCORPORATED, Defendant–Appellee.**

No. 88–6666.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 1990.

Decided July 24, 1990.

Preston Easley, San Pedro, Cal., for plaintiff-appellant.

James McMullen, Littler, Mendelson, Fastiff & Tichy, San Diego, Cal., for defendant-appellee.

Before CANBY and LEAVY, Circuit Judges, and PRICE,* District Judge.

CANBY, Circuit Judge:

Appellant Byron Gizoni appeals the district court's ruling on summary judgment

---

* The Honorable E. Dean Price, United States District Judge for the Eastern District of California, sitting by designation.

that as a matter of law he is not a "seaman" under the Jones Act, 46 U.S.C.App. § 688, but a harbor worker precluded from recovering under the Jones Act by the exclusive remedy provision of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* ("LHWCA"). We reverse and remand.

## FACTS

Appellee Southwest Marine, Inc., operates a ship repair facility in San Diego, California. In connection with its ship repair activities, Southwest Marine owns several floating platforms. These platforms by themselves have no power, means of steering, navigation lights, navigation aids, or facilities for crew. They are moved about by tugboats, which position the platforms alongside vessels that are being repaired at berths or in dry dock at Southwest Marine's shipyard or at the nearby Naval Station. So placed, the platforms support workers engaged in ship repair, along with necessary materials and equipment. Those materials and equipment are usually loaded onto the platform before it is tugged into position.

Gizoni was a rigging foreman employed by Southwest Marine. In that capacity, Gizoni worked on the platforms supervising other riggers and riding the platforms as they were used to move equipment, materials, supplies, and vessel components around the shipyard and on to and off of vessels being repaired. Gizoni occasionally served as a lookout and gave maneuvering signals to the tugboat operator when the platforms were moved. He also received lines passed to the platforms by the ships' crews to secure the platforms.

Gizoni was injured when his foot broke through a thin wooden sheet covering a hole in the deck of a platform being used to transport a rudder from the shipyard to a floating dry-dock. He suffered disabling leg and back injuries in the fall and is unable to work. Shortly thereafter, Gizoni made a claim for and received medical and compensation benefits from Southwest Marine pursuant to the LHWCA. Later, he filed suit against Southwest Marine under the Jones Act alleging that he was a seaman injured due to the negligence of his employer. Southwest Marine brought a motion for summary judgment asserting that Gizoni was not a "seaman" for purposes of the Jones Act and that his claim was barred by the exclusivity provision of the LHWCA, 33 U.S.C. § 905(a). The district court granted the motion on both grounds.

## STANDARD OF REVIEW

■ We review de novo a grant of summary judgment. *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1421 (9th Cir.) *cert. denied,* —— U.S. ——, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). We uphold summary judgment where, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue as to any material fact and the district court correctly applied the relevant substantive law. *Judie v. Hamilton*, 872 F.2d 919, 920 (9th Cir.1989).

## ANALYSIS

### A. Status as a Jones Act Seaman

■ Under the Jones Act, status as a "seaman" depends on three factors: (1) the vessel on which the claimant was employed must be in navigation; (2) the claimant must have a more or less permanent connection with the vessel; and (3) the claimant must be aboard primarily to aid in navigation. *Bullis v. Twentieth Century–Fox Film Corp.*, 474 F.2d 392, 393 (9th Cir.1973) (the *"Bullis* test"). Gizoni first contends that the district court erred in ruling that he failed to satisfy this test as a matter of law. We agree.

■ Whether a claimant is a seaman is typically a question for the jury, where there is an evidentiary basis for such a finding. *Omar v. Sea–Land Service, Inc.*, 813 F.2d 986, 988 (9th Cir.1987); *see also Senko v. LaCrosse Dredging Corp.*, 352 U.S. 370, 374, 77 S.Ct. 415, 417, 1 L.Ed.2d 404 (1957). "There is an 'evidentiary basis' for determining a plaintiff's status as a seaman when, for example, parties dispute whether the ship was in navigation or whether the employee was actually a member of the ship's crew." *Omar,* 813 F.2d at

988. These and other questions are in dispute in this case.

■ Moreover, we are bound to follow our decision in *Wenzel v. Seaward Marine Services, Inc.*, 709 F.2d 1326 (9th Cir.1983), which controls here. Wenzel was a diver/tender employed by Seaward Marine Services to clean the hulls of Navy ships. The divers cleaned the hulls using hand-held scrapers and a SCAMP—a submerged cleaning and maintenance platform. The SCAMP was a saucer-shaped unit 6 feet in diameter and 20 inches deep. It traveled underwater along the ship's hull and could be operated manually by divers. During one of his dives, Wenzel died of asphyxiation. He was not using the SCAMP at the time. His estate filed a Jones Act claim against Seaward. Seaward filed a motion for summary judgment arguing that Wenzel was a harbor worker, not a seaman, and the district court granted the motion. We reversed and remanded, concluding that Wenzel's status as a seaman under the *Bullis* test and whether the SCAMP was a vessel were each close questions of fact which should have been determined by the jury.

We see no reasonable basis for distinguishing this case from *Wenzel*. The SCAMP is no more clearly a vessel in navigation than are the platforms used by Southwest Marine. Nor was Wenzel's relationship with the SCAMP any more permanent than Gizoni's relationship with the platforms. Wenzel, who was not even using the SCAMP at the time of his death, did not aid in its navigation any more clearly than Gizoni aided in the navigation of the platforms. Thus, under *Wenzel*, the question whether Gizoni was a Jones Act seaman should have been put to a jury.

B. Exclusive Remedy Provision of the LHWCA

■ The district court's second basis for granting summary judgment was that Gizoni was a harbor worker precluded from suing under the Jones Act by Section 5(a) of the LHWCA. That section provides in part: "The liability of an employer prescribed in section 4 shall be exclusive and in place of all other liability of such employer to the employee...." 33 U.S.C. § 905(a). Thus, an employee covered by the LHWCA is precluded by this provision from bringing any other cause of action, including a Jones Act claim, against an employer for injuries on the job. *See South Chicago Coal & Dock Co. v. Bassett*, 309 U.S. 251, 256, 60 S.Ct. 544, 547, 84 L.Ed. 732 (1940); *Arvidson v. Dillingham Corp.*, 462 F.2d 1, 4 (9th Cir.), *cert. denied*, 409 U.S. 983, 93 S.Ct. 321, 34 L.Ed.2d 251 (1972).

The LHWCA describes the class of workers covered by the statute as follows:

> The term "employee" means any person engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harbor-worker including a ship repairman, shipbuilder, and ship-breaker, but such term does not include ... a master or member of a crew of any vessel....

33 U.S.C. § 902(3). Southwest Marine contends that because Gizoni's work involves primarily ship repair, he is covered explicitly by the provisions of the LHWCA and, consequently, is precluded from bringing an action against Southwest Marine under the Jones Act.

■ In *Petersen v. Chesapeake and Ohio Railway Co.*, 784 F.2d 732 (6th Cir. 1986), the Sixth Circuit addressed the question whether the LHWCA provides the sole remedy for a ship repairman injured as a result of his employer's negligence. The plaintiff in *Petersen* had brought a Jones Act claim against his employer to recover for injuries sustained as a result of his exposure to asbestos on the job. Petersen was a machinist who repaired equipment and machinery on ferries. He did most of his work in dry dock but spent approximately thirty percent of his work time repairing car ferry engines while the ferries were sailing. After trial, the district court entered judgment on a jury verdict in favor of Petersen. On appeal, the employer argued that Petersen's sole remedy was under the LHWCA. The Sixth Circuit stated: "A plaintiff is not limited to the remedies

available under the LHWCA unless he is unable to show that a genuine factual issue exists as to whether he was a seaman at the time of his injury." *Id.* at 739. Applying a three-part test identical to the *Bullis* test, the court concluded that there was enough evidence for the jury to conclude that Petersen was a Jones Act seaman. Thus, Petersen was not limited to the remedies available under the LHWCA despite the fact that his work consisted primarily of repairing ships in dry dock. *Id.*

We join the Sixth Circuit in rejecting the notion that any person whose work involves ship repair is necessarily restricted to coverage under the LHWCA. Whether an employee is covered by the LHWCA or the Jones Act should be determined by looking to the nature of the claimant's work and the intent of Congress in enacting these compensations schemes, not by looking to the claimant's job title. Moreover, by its terms, the LHWCA does not cover "a master or member of a crew of any vessel." 33 U.S.C. § 902(3). The term "master or member of a crew" in the LHWCA is the equivalent of "seaman" in the Jones Act. *See Petersen*, 784 F.2d at 739; *see also McDermott, Inc. v. Boudreaux*, 679 F.2d 452, 455 (5th Cir.1982); *Travelers Insurance Co. v. Belair*, 412 F.2d 297, 302 (1st Cir.1969). Thus, Gizoni is covered by the LHWCA only if he is not a seaman. As we ruled earlier, the question whether Gizoni is a Jones Act seaman should have been presented to a jury. Accordingly, we reverse the order granting summary judgment and remand for a jury trial on the question of Gizoni's status and coverage under the compensation statutes.

REVERSED AND REMANDED.