19 F.3d 1439
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CARRIER CORPORATION, Plaintiff-Appellee,
v.
John G. STAPLEY, et al., Defendants-Appellants.
 No. 92-16334.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 13, 1994.
Decided March 17, 1994.
 
 Before: SCHROEDER and NOONAN, Circuit Judges; JONES, District Judge*
 MEMORANDUM**
 Alfred and Doris Stapley, husband and wife, and their son and daughter-in-law, John and Linda Stapley (collectively the Stapleys) appeal the district court's grant of summary judgment in favor of Carrier Corporation (Carrier) in its action against the Stapleys as personal guarantors of an alleged debt to Carrier. Because we agree with the Stapleys that Carrier did not establish that there were no issues of material fact for trial, we reverse and remand.
 On April 1, 1988, Carrier and Stapley Wholesale, Inc. (SWI) entered into an agreement that gave SWI permission to distribute Carrier's "Payne" products in Arizona. On May 1, 1988, the Stapleys executed personal guaranties in which each Stapley unconditionally promised to pay SWI's current and future debt to Carrier.
 On September 24, 1990, Carrier filed a complaint against the Stapleys as personal guarantors under the 1988 guaranties based on an alleged indebtedness of SWI to Carrier. On December 30, 1991, after the Stapleys had filed their answer and counterclaim, Carrier moved for summary judgment against the Stapleys. On January 24, 1992, the Stapleys filed their response. On March 3, 1992, the district court granted summary judgment in Carrier's favor in the amount sought by Carrier: $954,668.38, plus interest, attorneys' fees and costs. Judgment was entered on June 23, 1992.
 On July 23, 1992, an appeal was filed in this court under 28 U.S.C. Sec. 1291. This court reviews a grant of summary judgment de novo. Jones v. Union Pacific R. Co., 968 F.2d 937, 940 (9th Cir.1992).
 Summary judgment is proper if and only if the moving party establishes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the burden of showing the absence of a genuine issue of material fact ( Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)), and only if the moving party meets this burden does the risk of non-production shift to the non-moving party to establish the existence of a genuine issue as to some material fact on which it will bear the risk of non-persuasion at trial ( Adickes v. S.H. Kress, 398 U.S. 144, 157 (1970); Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). Evidence must be viewed in the light most favorable to the non-moving party. Gizoni v. Southwest Marine, Inc., 909 F.2d 385, 387 (9th Cir.1990), aff'd, 112 S.Ct. 486 (1991).
 Viewing the evidence in the light most favorable to the Stapleys, we conclude that Carrier was not entitled to summary judgment. A material issue of fact was whether the guaranties the Stapleys signed were still in force or whether they had ceased to be effective one year after they were signed. The language of the guaranties ("This Guaranty is for a period of one year from the date signed or until revoked by me") is not self-interpreting. The guarantees use boilerplate language, drafted by Carrier. The language has not even been revised to reflect in the personal pronoun used that there are two signatories, not one. There is no indication that they were drafted with a three-year distributorship in mind.
 Nor does the affidavit of Brian Sullivan, with which Carrier supported its motion for summary judgment, establish that the guaranties continued in force after April 30, 1989; the affidavit merely reports Sullivan's view of Carrier's "custom and practice" regarding guaranties; as the Stapleys urge in their Reply Brief in this court, the affiant's statement is not even "specific to the transaction at issue." Nor does his assertion as to the intent with which the guaranties were made resolve the question of their meaning. He can speak, at most, to Carrier's intent. Plainly, the Stapleys by denying liability and relying on the more obvious meaning of the contract's limitation to one year dispute this interpretation. It is true of course that under this interpretation, the Stapleys were not even bound one year--they could revoke at any time. There was no unfairness in this provision. Under Article VII of the distributorship agreement either party could terminate "FOR ANY REASON" on 90 days' notice--an apparently sufficient threat to keep the guaranty in force for the year contemplated as its term. The guaranties were originally not coterminous with the length of the distributorship. If the Stapleys revoked, Carrier could expeditiously have ended the arrangement.
 The Stapleys "expressly admitted" the "validity" of the guaranties in their November 5, 1990 answer to Carrier's complaint; the admission does not admit that they were good beyond one year. Because Carrier failed to meet its burden of production, the evidentiary burden did not shift to the Stapleys. The validity of the guaranties remained an issue of material fact to be resolved at trial, and thus summary judgment was improper. The judgment is therefore REVERSED, and the case is REMANDED.
 
 
 
 *
 The Honorable Robert E. Jones, United States District Judge, District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3