56 F.3d 75
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 WAYNE CONSTRUCTION, INC., Plaintiff,
v.
Monti Dean LENARD, Plaintiff-Intervenor-Appellant,
v.
MAYHAN CONSTRUCTION, INC., John A Mayhan, et al.,
Defendants-Appellees.
 No. CA 93-35886.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 1, 1994.
Decided May 19, 1995.
 
 Appeal from the United States District Court, for the District of Alaska, No. DC. CV-91-00096 JWS; John W. Sedwick, District Judge, Presiding.
 D. Alaska
 REVERSED.
 Before: PREGERSON, CANBY and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Monty Dean Lenard appeals the district court's grant of summary judgment to the individual plaintiffs in this action for unpaid wages on the ground that the court lacked subject matter jurisdiction to entertain the claims. We have jurisdiction under 28 U.S.C. Sec. 1291, and we reverse.
 
 I. PROCEDURAL BACKGROUND
 
 3
 Lenard is an intervenor in this action initiated by Wayne Construction, Inc. Wayne alleged in the main action that the individual defendants had defaulted on a promissory note secured by ship mortgages on the Tug Jena and the Barge Waynehoe. Lenard's intervention was premised upon his allegation that he had been employed aboard the defendant vessels by the individual defendants. He sought judgment against individual defendants Mayhan Construction, Inc. and John W. Mayhan,[1] as well as recognition of an in rem preferred maritime lien against the defendant vessels for the unpaid wages of a crew member under 46 U.S.C. Sec. 31301(5)(D).
 
 
 4
 The district court granted summary judgment to Wayne in the main action in which Lenard had intervened. The court ordered the defendant vessels to be sold, subject to a later determination of Lenard's seaman and state law wage claims.
 
 
 5
 Lenard eventually moved for summary judgment on all of his claims, those against the individual defendants as well as the in rem claim. The individual defendants opposed Lenard's motion by disputing his assertion that he had not been paid for the work that he had performed. Wayne, interested in the disbursement of the funds from the sale of the vessels, opposed Lenard's asserted lien against the vessels. Wayne therefore filed a cross-motion for summary judgment against Lenard on the ground that Lenard did not meet the statutory requirements to assert a maritime lien for the wages of a crew member under 46 U.S.C. Sec. 31301(5)(D). The matter was referred to a magistrate judge.
 
 
 6
 The magistrate judge agreed with Wayne that Lenard could not establish a maritime lien for unpaid wages of a crew member, because the Barge Waynehoe, to which Lenard was attached, was not a vessel in navigation. The magistrate therefore recommended that the district court grant Wayne's cross-motion for summary judgment against Lenard. See Magistrate's Report and Recommendation at 1-9, Docket Entry 68. Having thus dealt with Lenard's in rem claim against the vessels, the magistrate judge recommended dismissal of Lenard's claims against the individual defendants for lack of jurisdiction. According to the magistrate judge, there was no independent federal jurisdiction over Lenard's wage claim because Lenard had been found not to be a seaman entitled to a maritime wage lien. In addition, there was no pendent jurisdiction over Lenard's state-law wage claims because they did not arise out of a common nucleus of operative facts with the in rem admiralty mortgage foreclosure claim.
 
 
 7
 The district judge granted Wayne's cross-motion for summary judgment on the in rem claim, but did not address in his order Lenard's claims against the individual defendants. At this point, Lenard and Wayne reached a settlement pursuant to which Lenard stipulated to dismissal of his in rem claim against the vessels. Wayne then moved for summary judgment against the individual defendants. Upon the recommendation of the magistrate judge, the district court denied Lenard's motion for summary judgment and dismissed his claims against the individual defendants without prejudice, for lack of jurisdiction. The district court denied Lenard's motion for reconsideration, and Lenard now appeals.
 
 
 8
 On appeal, Lenard presents two main contentions. First, he argues that the district court erred in ruling that he was not a seaman. Second, he argues that, even if he was not a seaman, he stated a claim for wages that fell within the court's federal jurisdiction either as a federal question, see 28 U.S.C. Sec. 1331, or as a maritime claim, see id., Sec. 1333.
 
 DISCUSSION
 
 9
 Federal courts have admiralty jurisdiction to hear seamen's wage claims. Putnam v. Lower, 236 F.2d 561, 569-70 (9th Cir. 1956). "As a matter of general maritime law, the term 'seamen' includes a broad range of workers whose work on a vessel on navigable waters contributes to the functioning of the vessel, to the accomplishment of its mission, or to its operation or welfare." Pacific Merchant Shipping Ass'n v. Aubry, 918 F.2d 1409, 1412 (9th Cir. 1990), cert. denied, 112 S.Ct. 2956, and sub nom. Tidewater Marine Suc., Inv. v. Aubry, 112 S.Ct. 2956 (1992); see also Nelson v. United States, 639 F.2d 469, 473 n.4. (9th Cir. 1980) (It is "fairly clear that one who is employed on a barge for performing maritime work is a seaman").
 
 
 10
 The district court concluded that Lenard was not a seaman because: (1) Lenard was not "assigned" to the Tug Jena, and (2) the Barge Waynehoe was not a "vessel in navigation." We review de novo the district court's grant of summary judgment to determine whether, with the evidence viewed in the light most favorable to Lenard, there are any genuine issues of materials fact and whether the district court correctly applied the relevant substantive law. Nelson v. E.G. & G. Energy Measurements Group, Inc., 37 F.3d 1384, 1387 (9th Cir. 1994).
 
 
 11
 The district court erred in concluding that there were no genuine issues of material fact with respect to Lenard's seaman status. Whether Lenard is a "seaman" is "a mixed question of law and fact" that requires a fact specific inquiry into "the nature of the vessel and [his] precise relation to it." McDermott Int'l Inc. v. Wilander, 498 U.S. 337, 356 (1991). Lenard had some connection to the Tug Jena. He helped "contribute to the function of the vessel" and helped the vessel accomplish its mission. See id. at 355. There is, therefore, an evidentiary basis to support the conclusion that he had a "more or less permanent connection" to the Tug Jena. See also id. ("[t]he key to seaman status is employment-related connection to a vessel in navigation").
 
 
 12
 The district court affirmed the magistrate judge's finding that Lenard had a permanent connection to the Barge Waynehoe. The fact that Barge was a work platform and was not moving while Lenard was working on it is not decisive. See Wenzel v. Seaward Marine Service's, Inc., 709 F.2d 1326 (9th Cir. 1983); Gizoni v. Southwest Marine Inc., 909 F.2d 385 (9th Cir. 1990), aff'd, 502 U.S. 81 (1991). If a craft is capable of being towed from one point to another and is specifically designed for this purpose, it may be considered a "vessel in navigation." See Wenzel, 709 F.2d at 1328 ("[A] submersible oil storage facility and drilling barge [has been] held to be a vessel even though it had no motive power itself and, when used for drilling rested on the ocean floor. The fact that the barge could be towed from one point to another was sufficient navigational ability ..."); see also Thomas J. Schoenbaum Admiralty and Maritime Law, Sec. 3-6, at 92, (2d ed. 1994) (discussing that "many structures designed to be moved on a regular basis have been held to be vessels [including] a submersible drilling barge ...").[2] Here, the barge was designed to be moved and was in fact moved two times over a ten day period.[3] There is thus clearly an evidentiary basis from which one could reasonably conclude that the Barge Waynehoe is a vessel for jurisdictional purposes.
 
 
 13
 II. JURISDICTION OVER LENARD'S STATE LAW CLAIMS
 
 
 14
 The district court dismissed Lenard's state law wage claims, without prejudice, for lack of jurisdiction. See Harris v. Provident Life & Acc. Ins. Co., 26 F.3d 930, 934 (9th Cir. 1994) ("a district court has no discretion to retain state law claims when the sole federal claim is dismissed for lack of jurisdiction"). Because we now hold that Lenard has presented a triable issue of fact over his seaman status, the district court may exercise supplemental jurisdiction over his state law claims. 28 U.S.C. Sec. 1367(a). We therefore reverse the dismissal of the state law claims and remand so that the district court may exercise discretion whether to entertain them.
 
 III. CONCLUSION
 
 15
 Although summary judgment "is mandated where the facts and law will reasonably support only one conclusion," McDermott, 498 U.S. at 356, that is not the case here. There is an evidentiary basis, indeed a rather strong one, from which a rational trier of fact could reasonably conclude that Lenard is a seaman for jurisdictional purposes. He performed work aboard the Tug Jena that helped contribute to her mission, and the Barge Waynehoe may in fact be a vessel. The district court thus erred in granting summary judgment in favor of Wayne. Because we are reversing the district court's grant of summary judgment, we do not reach the other issues Lenard raises on appeal.
 
 
 16
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3
 
 
 [1]
 Lenard has not asserted any claim against individual defendant Gerry G. Mayhan
 
 
 [2]
 Typically, the "in navigation" criterion precludes vessels that are undergoing major repairs and thus taken out of service from being considered in navigation. See, e.g., McKinley v. All Alaskan Seafoods, Inc., 980 F.2d 567, 570 (9th Cir. 1992) ("Major overhauling or refitting of a vessel will take the vessel out of navigation"); cf. Kathriner v. UNISEA, 975 F.2d 657, 660 (9th Cir. 1992) (noting that a vessel is not in navigation if it is "permanently moored to land, [has] no transportation function of any kind," and satisfies several other criteria). There is nothing in the record to suggest that the barge was taken out of service
 
 
 [3]
 The district court's reliance on Gremillion v. Gulf Coast Catering Co., 904 F.2d 290, 293 (5th Cir. 1990) is misplaced. While work platforms may not be considered vessels in the Fifth Circuit, that is not the law of this circuit. See Gizoni, 909 F.2d 385 (work platforms that were used to move equipment and supplies around shipyard may be considered a vessel in navigation)