56 F.3d 71
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Byron GIZONI, Plaintiff-Appellant,
v.
SOUTHWEST MARINE INCORPORATED, Defendant-Appellee.
 No. 94-55276.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 3, 1995.
Decided June 2, 1995.
 
 1
 Appeal from the United States District Court for the Southern District of California, No. CV-87-01424-GT; Gordon Thompson, Jr., District Judge, Presiding.
 
 
 2
 S.D.Cal.
 
 
 3
 REVERSED.
 
 
 4
 Before: CANBY and LEAVY, Circuit Judges, and PRICE,* District Judge.
 
 
 5
 MEMORANDUM**
 
 
 6
 Byron Gizoni appeals the district court's grant of Southwest's request for Rule 11 sanctions against Gizoni and his attorney Preston Easley. We review the district court's award of sanctions for an abuse of discretion, Roundtree v. United States, 40 F.3d 1036, 1038 (9th Cir. 1994), and reverse.
 
 
 7
 The misstatement in Gizoni's original declaration had nothing to do with our decision in the prior appeal or the Supreme Court's decision. See Gizoni v. Southwest Marine, Inc., 909 F.2d 385 (9th Cir. 1990), affirmed 112 S.Ct. 486 (1991). We reversed largely because we were "bound to follow" Wenzel v. Seaward Marine Services, Inc., 709 F.2d 1326 (9th Cir. 1983). In the original appeal it was clear that the platforms upon which Gizoni worked were sometimes "used to move equipment, materials, supplies, and vessel components around the shipyard and on to and off of vessels being repaired." Gizoni 909 F.2d at 387. We thus concluded that Gizoni could take his case to the jury, just as the plaintiff in Wenzel could.
 
 
 8
 Moreover, we are convinced that under the facts as we now understand them, Gizoni was entitled to get to the jury. Gizoni's initial misstatement thus did not cause the trial; the trial had to take place in any event. There is simply no basis for sanctioning either Gizoni or his attorney in this case. Accordingly, the district court abused its discretion in awarding sanctions. The sanctions against Gizoni and his attorney are therefore REVERSED.
 
 
 9
 REVERSED.
 
 
 
 *
 Honorable E. Dean Price, Senior United States District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3