66 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Phillip A. LUNA, Plaintiff-Appellant,
v.
Mary L. HELF, Trial Court Administrator; Lane County
District Attorney; Lane County; Theodore
Kulongoski; State of Oregon,
Defendants-Appellees.
 No. 94-35933.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Sept. 8, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Phillip A. Luna, an Oregon state prisoner, appeals pro se the district court's summary judgment in favor of defendants in Luna's 42 U.S.C. Sec. 1983 action alleging defendants violated his constitutional rights by conspiring to deny him access to his grand jury records. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We may affirm the district court's decision on any grounds supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993). We review de novo the district court's grant of summary judgment, Trent v. Valley Elec. Ass'n, 41 F.3d 524, 525 (9th Cir.1994), and affirm.
 
 
 3
 Luna contends that he presented adequate evidence to support his claim that defendants conspired to deny him access to the grand jury records for his indictment. This contention lacks merit.
 
 
 4
 In support of their summary judgment motion, defendants submitted the affidavit of Mary Helf, the county trial court administrator, who stated that the Lane County courts did not keep information connecting individual grand jurors to a particular case. In response to defendants' summary judgment motion, Luna submitted documents showing that other prisoners have received grand jury information from other courts. Luna did not, however, provide any evidence to suggest that the Lane County court has retained any of the records he requested pertaining to his 1989 indictment. Because Luna failed to show any genuine issue of material fact in support of his section 1983 claim or in support of his conspiracy claim, the district court did not err by granting defendants' motion for summary judgment. See Gizoni v. Southwest Marine, Inc., 909 F.2d 385, 387 (9th Cir.1990).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3