**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TONY D. PENWELL, | No. 07-35638 |
| Plaintiff–Appellant, | D.C. No. CV-05-02106-TSZ |
| v. | |
| REED HOLTGEERTS, Director of RJC; MICHAEL WOODBURY, RJC; KING COUNTY REGIONAL JUSTICE CENTER; SUE BELT, RJC Supervisor; WILLIAMS HAYES, Head of Operations, RJC; HERB MYERS, Commander of the Regional Justice Center; SUE RAHR, King County Sheriff; BRIAN O'FARRELL, Program Administrator, | MEMORANDUM* |
| Defendants–Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Argued and Submitted April 6, 2010
Seattle, Washington

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: HAWKINS, LUCERO,** and N.R. SMITH, Circuit Judges.

Tony D. Penwell appeals the district court's adverse grant of summary judgment on his 42 U.S.C. § 1983 claims regarding the conditions of his pre-conviction confinement. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in part, vacate in part, and remand to the district court for further proceedings consistent with this disposition.

We review a grant of summary judgment de novo. See Buono v. Norton, 371 F.3d 543, 545 (9th Cir. 2004). Summary judgment is appropriate only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law when viewing the evidence in the light most favorable to the nonmoving party. Gizoni v. Sw. Marine, Inc., 909 F.2d 385, 387 (9th Cir. 1990).

Pretrial detention conditions violate due process if they are punitive. See Bell v. Wolfish, 441 U.S. 520, 535-37 (1979). But because Penwell did not demonstrate an actual intent to punish, the district court was required to consider whether the restrictions were reasonably related to legitimate government objectives, and whether the restrictions were "excessive in relation to the

---

** The Honorable Carlos F. Lucero, Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation.

[legitimate government] purpose assigned." Id. at 538 (quotation omitted); see Demery v. Arpaio, 378 F.3d 1020, 1028-29 (9th Cir. 2004) (applying Bell).

Penwell argues that the district court failed to consider Bell's excessiveness prong. We disagree. The magistrate made a single comment that could be construed to support Penwell's argument when considered in isolation. However, the magistrate's report clearly considers excessiveness when evaluated as a whole. It quotes the appropriate standard, specifically references excessiveness, and evaluates the potential excessiveness of various conditions of Penwell's confinement.

Penwell's next argument, however, is meritorious. He contends we should remand to the district court to reconsider whether restrictions on his religious practice burdened his free exercise rights under a standard announced after the district court entered its order. In evaluating Penwell's free exercise claims, the district court employed the so-called "centrality test" enunciated in Freeman v. Arpaio, 125 F.3d 732 (9th Cir. 1997), by considering whether conditions of Penwell's confinement substantially interfered "with a tenet or belief that is central to religious doctrine," id. at 737 (quotation omitted). After the district court issued its order, this circuit clarified that the "sincerity test," and not the centrality test, applies to prisoners' free-exercise claims. See Shakur v. Schriro, 514 F.3d 878,

884-85 (9th Cir. 2008). Under the sincerity test, a prisoner's religious concern implicates the free exercise clause if it is (1) "sincerely held" and (2) "rooted in religious belief," rather than in secular philosophical concerns. Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994) (quotations omitted); see also Shakur, 514 F.3d at 885 (adopting Malik's formulation of the sincerity test). Because the district court applied an incorrect rule of law, we cannot uphold its grant of summary judgment. See Gizoni, 909 F.2d at 389.[1] We therefore vacate the grant of summary judgment on Penwell's free exercise claim and remand to the district court for reconsideration under the sincerity test.[2]

Finally, Penwell argues that disputed issues of material fact exist regarding whether certain conditions of his confinement: (1) were reasonably related to legitimate government objectives; (2) were excessive in light of those objectives; or (3) burdened his free exercise rights. However, these issues are legal, not

---

[1] "[W]hen a court applies a rule of law to the parties before it, 'that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review . . . .'" Morales-Izquierdo v. Dep't of Homeland Sec., 600 F.3d 1076, 1088 (9th Cir. 2010) (quoting Harper v. Va. Dep't of Taxation, 509 U.S. 86, 97 (1993)).

[2] Even if the district court concludes that the restrictions burdened Penwell's free exercise rights, the restrictions may nonetheless be valid if they are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).

factual, in nature. See Demery, 378 F.3d at 1028-29; Shakur, 514 F.3d at 884-85. Because Penwell has not cited any evidence in the record indicating a factual dispute, he has failed to establish that a genuine issue of material fact exists.[3]

For the foregoing reasons, we **VACATE** the grant of summary judgment with respect to Penwell's free exercise claim; **AFFIRM** the district court's grant of summary judgment with respect to Penwell's remaining claims; and **REMAND** to the district court for further proceedings consistent with this disposition.

---

[3] To the extent that Penwell's filings could be recharacterized as arguing that the district court misapplied these legal standards, we decline to consider the argument: Penwell neither identifies errors in the manner the district court applied these standards nor explains how the standards should have been applied. "This court deems issues unsupported by argument to be abandoned." United States ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1201 (9th Cir. 2009).