NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No. AZ-11-1137-WiJuKi |
| | ) | |
| DARCOMM SUPPLY, INC., | ) | Bk. No. 08-05755-GBN |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| GARY COLVIN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | M E M O R A N D U M* |
| | ) | |
| DARCOMM SUPPLY, INC.; TRUDY A. | ) | |
| NOWAK, Chapter 7 Trustee, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Argued and Submitted on January 19, 2012
at Phoenix, Arizona

Filed - February 3, 2012

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable George B. Nielsen, Jr., Bankruptcy Judge, Presiding
_____

Appearances:    Appellant Gary Colvin argued pro se; Lawrence D.
Hirsch, Esq., of Deconcini McDonald Yetwin & Lacey,
P.C., argued for Appellee Trudy A. Nowak, Chapter 7
Trustee.
_____

Before: WILLIAMS,** JURY, and KIRSCHER, Bankruptcy Judges.

_____

*This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may have
(see Fed. R. App. P. 32.1), it has no precedential value.  See 9th
Cir. BAP Rule 8013-1.

**Hon. Patricia C. Williams, Bankruptcy Judge for the Eastern
District of Washington, sitting by designation.

-1-

Creditor Gary Colvin (appellant) appeals the bankruptcy court's decision denying appellant's motion for a new trial and granting the motion for summary judgment and an award of attorneys' fees of debtor Darcomm Supply, Inc. (appellee). The summary judgment disallowed the proof of claim filed by appellant based upon ARIZ. REV. STAT. ANN. ("ARS") § 47-3310, which provides that if a cashier's check is taken for an obligation, the obligation is discharged. We AFFIRM.[1]

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Originally, appellant and appellee were involved in a dispute which was resolved by a settlement agreement which required the appellee to pay $12,000 to appellant in the form of a cashier's check. Appellee did so on May 15, 2007. The issuing bank refused to honor the cashier's check when presented a few days later. One year later, the appellee commenced a bankruptcy proceeding and the appellant filed a proof of claim for $46,000 based upon the dishonor of the cashier's check. The proof of claim referred to "Breach of Settlement Agreement, fraud, check fraud."

The appellee objected to the proof of claim and an order was entered denying the proof of claim on November 12, 2008. For some reason not apparent in the record, on March 17, 2009, appellee filed a motion for summary judgment arguing that the damage claim portion of the proof of claim should be denied and that the appellee should be awarded attorneys' fees.

The appellee's motion for summary judgment was heard on

[1]Unless specified otherwise, all chapter, code, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Bankruptcy Procedure are referred to as "FRBP."

May 18, 2009. According to the minute entry, at that time the bankruptcy court denied allowance of the damage portion of the claim, granted the summary judgment motion, reserved the issue of attorneys' fees and admonished the parties that each had 10 days to perfect an appeal with either the District Court or this court. After further briefing, at the hearing on July 30, 2010, the bankruptcy court awarded attorneys' fees and determined the amount. No transcript of the July 30, 2010 hearing has been provided. On September 22, 2010, the court entered the final order granting summary judgment and awarding attorneys' fees. Darcomm Supply, Inc. was converted from chapter 11 to chapter 7 on July 8, 2011.

## II. JURISDICTION

Appellant filed a motion for a new trial, no copy of which is in the record, but which appears to be related to the court's July 30, 2010 ruling and September 22, 2010 order. At the hearing for a new trial on March 10, 2011, the appellant again argued the merits of the summary judgment motion and award of fees. The appellee has not raised any issue concerning the timeliness of the appeal. Despite the incomplete record, this appeal appears to be timely. FRBP 8002(b).

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 157(b)(2)(K) and 1334. This court has jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

**A.** Have the issues regarding entry of the order denying a new trial been waived by the appellant? In the alternative, did the bankruptcy court abuse its discretion by denying the motion for a new trial?

-3-

**B.** Did the bankruptcy court apply the proper legal standard in granting the summary judgment and awarding attorneys' fees and costs? Did it violate appellant's due process rights in making that determination?

## IV. STANDARD OF REVIEW

**A.** The standard of review for an order denying a new trial is abuse of discretion. Dixon v. Wallowa Cnty., 336 F.3d 1013, 1022 (9th Cir. 2003). To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, whether the bankruptcy court's application of the legal standard was illogical, implausible or "without support in inferences that may be drawn from the facts in the record." United States v. Hinkson, 585 F.3d 1247, 1261-62 n. 21 (9th Cir. 2009) (en banc).

**B.** A grant of summary judgment is reviewed de novo. Jones v. Union Pac. R.R. Co., 968 F.2d 937, 940 (9th Cir. 1992). An appellate court must determine, viewing the evidence in the light most favorable to the non-moving party, whether there is any genuine issues of material fact, and whether the bankruptcy court correctly applied the relevant substantive law. Gizoni v. Sw. Marine, Inc., 909 F.2d 385, 387 (9th Cir. 1990), aff'd, 502 U.S. 81 (1991). The appellate court must not weigh the evidence or determine the truth of the matter, but only determine whether there was a genuine issue of fact requiring trial.

## V. DISCUSSION

**A.** The parties failed to address or argue the appeal of the order denying a new trial. Issues not addressed in a brief may be

-4-

considered waived by the appellate court. An appellate court in this circuit "will not review issues which are not argued specifically and distinctly in a party's opening brief." City of Emeryville v. Robinson, 621 F.3d 1251, 1261 (9th Cir. 2010). Even if we did review the matter, we see no abuse of discretion by the bankruptcy court in denying it.

The reasoning of the bankruptcy court for its ruling is referenced in the transcript of the hearing held March 10, 2011, which related to the appellant's motion for a new trial. The transcript reflects that the motion, which is not part of the record on appeal, sought alteration or modification of the order granting summary judgment and awarding attorneys' fees.[2]

The bankruptcy court treated the motion as a post judgment motion under FRBP 7052(b) and stated that the first ruling in May 2010 regarding summary judgment "stands on its own" and that on July 30, 2010, the appellant's motion to amend that ruling had been denied.

The bankruptcy court cited E.E.O.C. v. Sunfire Glass, Inc., 2009 W.L. 2450472 (D. Ariz. Aug. 11, 2009), which states the correct legal standard to be applied to a post judgment motion under FRBP 7052(b) in which a party asks the court to correct on the non-jury record any errors of law, mistakes of fact or oversights that require correction. The following facts were

---

[2]The record does contain a Motion to Amend Bankruptcy Court Finding filed May 28, 2010 and the response filed June 28, 2010, which relates to the May 18, 2010 summary judgment hearing. The record also contains a response to a motion for a new trial filed October 25, 2010. It is apparent from the record that the appellant has filed various motions seeking reconsideration and repeatedly reargued the merits of the summary judgment.

-5-

articulated as the basis for the court's ruling: "I'll repeat my early-the essentials of my earlier ruling, although the reality is that that ruling in last May is-stands on its own, but I'll repeat a brief summary." After reciting its prior analysis, the court concluded "I believed in May and I believe now in March that the debtor was entitled to summary judgment. The debtor's obligation to Mr. Colvin was discharged when the debtor purchased the cashier's check."

The bankruptcy court applied the correct legal standard and its decision is not illogical, implausible or without support in inferences that may be drawn from the facts in the record.[3]

**B.** The basis for the court's grant of summary judgment is contained in the oral ruling of May 18, 2010. The court correctly stated the standard for entry of a summary judgment. The movant bears the initial responsibility of providing evidence. Once that burden is met, the responding party has the burden of producing evidence to the contrary, with the moving party bearing the ultimate responsibility to establish the absence of a genuine issue of material fact. In this case, the evidence presented by the appellee as moving party was in the form of declarations of the issuing bank and of the appellee and included bank records of the appellee. The evidence presented by the appellant was his

---

[3]In his brief, appellant discusses at length issues regarding the bankruptcy court's denial of the appellant's motion to dismiss the bankruptcy proceeding which was also heard on March 10, 2011, and the appellee has responded to those arguments. No appeal was taken from the order denying the motion to dismiss. The appellant argues that since the hearing on the motion to dismiss and the hearing on the motion for a new trial occurred on the same day, the court's denial of the motion to dismiss should also be part of this appeal. The issues concerning that motion and order are irrelevant to this appeal and will not be considered.

declaration stating that the issuing bank had refused to honor the check. A copy of the cashier's check was part of the record before the bankruptcy court. The cashier's check was drawn, not from the account of the appellee, but from an account of the issuing bank.

ARS § 47-3104(G) defines a cashier's check as a draft with respect to which the drawer and the drawee are the same bank or branches of the same bank. The court determined that the instrument constituted a cashier's check drawn upon the account of the issuing bank and the evidence supports that conclusion. ARS § 47-3104(G). ARS §§ 47-1101, *et seq*., contains Arizona's enactment of the Uniform Commercial Code. ARS § 47-3310 establishes the relationship between checks and the underlying obligations for which the check is issued. Subpart (A) of that statute reads in part:

> A. Unless otherwise agreed, if a certified check, cashier's check or teller's check is taken for an obligation, the obligation is discharged to the same extent discharge would result if an amount of money equal to the amount of the instrument were taken in payment of the obligation. . . .

The statute is not ambiguous. Appellee's obligation to pay appellant $12,000 was discharged when the cashier's check for that amount was delivered to the appellant in May of 2007. Upon delivery of the cashier's check, the appellant had no further claim against the appellee. The appellant did not produce any evidence which created a material issue of fact. The proof of claim filed by appellant was properly disallowed.

Appellant also based the proof of claim upon ARS § 12-671 which provides:

> A person who, for himself or for another, with intent to defraud, makes, draws, utters or delivers to another

-7-

person or persons a check or draft on a bank or depositary for payment of money, knowing at the time of such making, drawing, uttering or delivery, that he or his principal does not have an account or does not have sufficient funds in, or credit with, such bank or depositary to meet the check or draft in full upon presentation, shall be liable to the holder of such check or draft for twice the amount of such check or draft or fifty dollars, whichever is greater, together with costs and reasonable attorney's fees as allowed by the court on the basis of time and effort expended by such attorney on behalf of plaintiff.

The bankruptcy court found the statute inapplicable to appellee as the cashier's check was drawn upon the account of the issuing bank. Further, the appellant was unable to establish that at the time of presentment, the appellee lacked sufficient funds in its account. Moreover, the bank records indicated Darcomm Supply, Inc. had sufficient funds in its account at the time the check was drawn. Even assuming that mere delivery of the cashier's check by appellee to appellant could give rise to a claim under ARS § 12-671, the bankruptcy court held that the evidence failed to establish the elements required by that statute.

The appellant also argues that he was deprived of his due process rights as the appellee did not commence an adversary proceeding to determine that the obligation was not subject to discharge. Firstly, the bankruptcy court held due process had not been denied as appellant had an opportunity to and did respond to the objection to the proof of claim, which objection was filed on August 13, 2008. Further, the appellant had been given ample opportunity to argue the merits of his claim, including an opportunity to depose bank representatives and conduct other discovery. Secondly, the appellant cited 11 U.S.C. § 523(a) for the proposition that the claim was not subject to discharge. That

provision is only applicable in cases involving an "individual debtor" and thus inapplicable to the appellee. The failure of the appellee to commence an adversary proceeding to determine that the claim was not subject to discharge did not deprive the appellant of his due process rights. Lastly, an objection to a proof of claim is a contested matter under FRBP 9014. In re Garvida, 347 B.R. 697, 704 (9th Cir. BAP 2006). Appellee also moved for summary judgment as to the damage claim and sought an award of attorneys' fees. The bankruptcy court concluded that no claim existed against appellee pursuant to state law. No adversary proceeding was necessary, as the court concluded that no claim existed, not that an existing claim was or was not subject to discharge.

Regarding appellant's objections to the award and amount of attorneys' fees, appellant did not include in the record a transcript of the July 30, 2010 hearing at which time the award was made. The order states that fees and costs are awarded based upon the original settlement agreement between the parties and pursuant to ARS § 12-341 as appellee was the prevailing party. This court generally limits its review to examination of the record on appeal and appellant has the duty to provide an adequate record. Appellant has not done so regarding the award of attorneys' fees and their calculation. Failure to provide a trial transcript precludes review of alleged errors. Syncom Capital Corp. v. Wade, 924 F.2d 167, 169 (9th Cir. 1991).

## VI.  CONCLUSION

**A.**  The order denying a new trial is AFFIRMED as the parties failed to argue the merits of the entry of that order and thus

-9-

waived issues relating to that motion.  Alternatively, the record shows that the bankruptcy court applied the correct legal standard and based its ruling on facts which adequately supported its decision.  Therefore, the bankruptcy court did not abuse its discretion in denying a new trial.

**B.**    The granting of the appellee's motion for summary judgment is AFFIRMED.  The bankruptcy court applied the correct legal standard for consideration of summary judgment motions.  The appellant was not denied due process and the undisputed facts support the bankruptcy court's conclusions.  Arizona law discharged the appellee from any obligation to appellant upon issuance and delivery of the cashier's check.