Joseph **FIGUEROA,** Plaintiff–
Appellee–Cross–Appellant,

v.

**CAMPBELL INDUSTRIES,** Defendant–
Appellant–Cross–Appellee.

Nos. 93–55936, 93–55945.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 1994.

Decided Jan. 13, 1995.

Daniel B. MacLeod, Alford & MacLeod, San Diego, CA, for defendant-appellant-cross-appellee.

Preston Easley, Law Offices of Preston Easley, San Pedro, CA, for plaintiff-appellee-cross-appellant.

Before: BROWNING, and GOODWIN, Circuit Judges, and QUACKENBUSH, District Judge.*

QUACKENBUSH, District Judge:

Defendant Campbell Industries appeals the district court judgment following a jury verdict in favor of Plaintiff Joseph Figueroa under the Jones Act, 46 U.S.C.App. § 688, and Mr. Figueroa cross-appeals the trial court's judgment setting off, from the verdict, the amount of benefits Mr. Figueroa had previously received under state workers' compensation statutes and the Longshore & Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*

The district court had original jurisdiction pursuant to 28 U.S.C. § 1333. We have jurisdiction pursuant to 28 U.S.C. § 1291. We

---

* Honorable Justin L. Quackenbush, Chief Judge, United States District Court for the Eastern Dis- trict of Washington, sitting by designation.

affirm the district court's judgment, except as modified in a separate unpublished memorandum disposition filed with this opinion.

## FACTS AND PRIOR PROCEEDINGS

Campbell Industries operates a shipyard at San Diego, California, where it builds and repairs ocean-going vessels. The Plaintiff, Joseph Figueroa, was a waysman (shipyard worker) and tugboat operator employed by Campbell Industries when he was injured on May 27, 1987 aboard the "Guppy," a tug boat owned by Campbell Industries. The GUPPY was used in connection with ship construction and repair, and was tied to the dock at the time of the accident.

Shortly after his injury, Mr. Figueroa filed claims for state workers' compensation benefits with the California Workers Compensation Appeals Board, and for benefits under the Longshore & Harbor Workers' Compensation Act (LHWCA) with the United States Department of Labor, Office of Workers' Compensation Programs. On December 27, 1988 and March 21, 1989 respectively, these claims were compromised and settled. The settlement was reflected both in a Final Compensation Order issued by the United States Department of Labor, and in a Compromise and Release approved by a judge of the California Workers' Compensation Appeals Board. As a result, Mr. Figueroa received the following benefits:

| | |
|---|---|
| Medical Expenses | $ 9,512.59 |
| Temporary Disability | 5,464.70 |
| Permanent Disability | 12,000.00 |
| Total | $26,977.29 |

On November 1, 1989, Mr. Figueroa filed the present action pursuant to the Jones Act, 46 U.S.C.App. § 688, and general maritime law. The complaint sought (1) unspecified general damages; (2) damages for medical expenses incurred; (3) damages for lost earnings; and (4) costs of suit. Accordingly, the pretrial order specified that any award would be reduced by the $26,977.29 already received in federal and state workers' compensation benefits.

Prior to the Jones Act jury trial, counsel for Mr. Figueroa waived all claims except those for pain and suffering since he had recovered his medical expenses and lost wages in the LHWCA proceeding. The only evidence regarding damages presented to the jury was that relating to Plaintiff's pain and suffering. The jury found in favor of Plaintiff and awarded $35,000 in damages.

In a special verdict, the jury first found that Mr. Figueroa was a "member of the crew and a seaman of the vessel at the time he was injured." The jury also found that Campbell Industries was responsible for 90% of Mr. Figueroa's damages and that Mr. Figueroa was 10% contributorily negligent. Therefore, the $35,000.00 award was reduced to $31,500.00. The district court then offset that award by the $26,977.29 benefits received under the California workers' compensation statute and the LHWCA, as specified in the pretrial order, and entered a final judgment awarding Plaintiff $4,522.71.

Campbell Industries contends that any recovery under the Jones Act is precluded by plaintiff's recovery under the LHWCA, and by the release signed by Mr. Figueroa under the California workers' compensation statute. Mr. Figueroa cross-appeals, contending that the $31,977.29 judgment should be offset only by the $12,000.00 he received as damages for his permanent disability. Here, we address only Campbell Industries' argument that Mr. Figueroa is precluded from recovering under the Jones Act by his recovery under the LHWCA. We deal with the release issue and the offset issue in a memorandum disposition accompanying this opinion.

## DISCUSSION

The Jones Act and the LHWCA both provide a remedy to injured maritime workers. However, each statute specifies different maritime workers to be within its reach. The Jones Act provides, in pertinent part, that "[a]ny seaman who shall suffer personal injury in the course of his employment, may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply...." 46 U.S.C.App. § 688(a).

The LHWCA provides benefits to an injured employee for medical expenses and lost wages, but has no provision for general pain and suffering damages. It contains an exclusivity provision, which states, in part, that the liability of an employer "shall be exclusive and in place of all other liability of such employer to the employee." 33 U.S.C. § 905(a). However, the term "employee" as defined in the LHWCA does not include "a master or member of a crew of any vessel." 33 U.S.C. § 902(3)(G). Therefore, the LHWCA with its exclusionary provision does not apply to a "harbor worker who is also a 'member of a crew of any vessel,' a phrase that is a 'refinement' of the term 'seaman' in the Jones Act." *Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 88, 112 S.Ct. 486, 491, 116 L.Ed.2d 405 (1991).

Campbell Industries argues that the final compensation order and the compromise and settlement in this case necessarily mean that a finding was made that Mr. Figueroa was not a "seaman," and, therefore, that he is not entitled to recover under the Jones Act. This argument was twice rejected by the district court as the subject of a Motion for Summary Judgment, or, in the alternative, Motion to Dismiss and a subsequent Motion for Judgment Notwithstanding the Verdict. Appellant Campbell Industries raises the issue again here.

It is clear that our decision in *Gizoni v. Southwest Marine, Inc.*, 909 F.2d 385 (9th Cir.1990), and the Supreme Court opinion affirming that decision, *Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 112 S.Ct. 486, 116 L.Ed.2d 405 (1991) control the decision here, and under *Gizoni*, appellant's argument must fail. The Supreme Court defined the issue before it as "whether a maritime worker whose occupation is one of those enumerated in the Longshore and Harbor Workers' Compensation Act (LHWCA) ... may yet be a 'seaman' within the meaning of the Jones Act ..., and thus be entitled to bring suit under that statute." *Id.*, 502 U.S. at 85, 112 S.Ct. at 489. The Court answered that question in the affirmative.

Like Mr. Figueroa, Gizoni had submitted a claim for, and had received medical and compensation benefits from his employer pursuant to the LHWCA. He later sued his employer under the Jones Act, alleging that he was a seaman injured as a result of his employer's negligence. Both a panel of this court and the Supreme Court held that the exclusive remedy provisions of the LHWCA did not preclude Gizoni from pursuing his Jones Act claim.

Appellant's argument is based on the contention that in order to recover under the LHWCA, a longshoreman cannot be employed as a "master or member of the crew of a vessel," and therefore, also cannot be a "seaman" under the Jones Act, which is the very argument rejected in *Gizoni*:

> However, this argument ignores the fact that some maritime workers may be Jones Act seamen performing a job specifically enumerated under the LHWCA.
>
> ... While in some cases a ship repairman may lack the requisite connection to a vessel in navigation to qualify for seaman status, ... not all ship repairmen lack the requisite connection as a matter of law. This is so because "it is not the employee's particular job that is determinative, but the employee's connection to the vessel." ... By its terms the LHWCA preserves the Jones Act remedy for vessel crewmen, even if they are employed by a shipyard. A maritime worker is limited to LHWCA remedies only if no genuine issue of fact exists as to whether the worker was a seaman under the Jones Act.

*Id.*, 502 U.S. at 89, 112 S.Ct. at 492. (internal citations omitted).

Campbell Industries argues that the final compensation award in this case necessarily means a finding was implicitly made that Mr. Figueroa was not a "member of a crew" and not a "seaman," and that, therefore, *Gizoni* does not apply. In support of its argument, Appellant points to the language of the Supreme Court that "[i]t is by now 'universally accepted' that an employee who receives voluntary payments under the LHWCA without a formal award is not barred from subsequently seeking relief under the Jones Act." *Gizoni, supra,* 502 U.S. at 91, 112 S.Ct. at 493 (citing G. Gilmore & C. Black, *Law of Admiralty* 435 (2d ed. 1975) and 4 A. Larson,

*Workmen's Compensation Law* § 90.51, p. 16–507 (1989)) (collecting cases). Campbell Industries argues that this implies that the issuance of a formal award does bar a claimant from subsequently seeking relief under the Jones Act. However, the Court noted that the justification for this rule was not because no formal award had issued, but rather because double recovery under the two statutes is precluded:

> This is so, quite obviously, because the question of coverage has never actually been litigated. Moreover, the LHWCA clearly does not comprehend such a preclusive effect, as it specifically provides that any amounts paid to an employee for the same injury, disability, or death pursuant to the Jones Act shall be credited against any liability by the LHWCA.

*Id.* at 91, 112 S.Ct. at 493 (citing Gilmore & Black, *supra* at 435). Additionally, the Court added in a footnote:

> For this same reason, equitable estoppel arguments ... must fail. Where full compensation credit removes the threat of double recovery, the critical element of detrimental reliance does not appear.... [Such an] [a]rgument] ... would force injured maritime workers to an election of remedies we do not believe Congress to have intended.

*Id.* at 92, 112 S.Ct. at 494 n. 5.

The basis of this court's decision and the Supreme Court's affirmance in *Gizoni* can only be that, although the two acts are "mutually exclusive", some maritime workers may be Jones Act seamen who are injured while also performing a job specifically enumerated under the LHWCA, and, therefore, are entitled to recovery under both statutes, although double recovery of any damage element is precluded. The Supreme Court found support for its holding in the legislative history of the 1972 amendments to the LHWCA:

> "[T]he bill would amend the Act to provide coverage of longshoremen, harbor workers, ship repairmen, ship builders, shipbreakers, and other employees engaged in maritime employment (excluding masters and members of the crew of a vessel)." *Northeast Marine Terminal Co. v. Caputo,*

432 U.S. 249, 266 n. 26[, 97 S.Ct. 2348, 2358 n. 26, 53 L.Ed.2d 320] ... (1977) quoting S.Rep. No. 92–1125, p. 13 (1972) (emphasis omitted).... By its terms the LHWCA preserves the Jones Act remedy for vessel crewmen, even if they are employed by a shipyard. A maritime worker is limited to LHWCA remedies if no genuine issue of fact exists as to whether the worker was a seaman under the Jones Act.

*Id.* at 89, 112 S.Ct. at 492.

The record in this case supports our finding that *Gizoni* is dispositive here. Campbell Industries moved for a continuance of the trial date in this matter based solely on the fact that the Supreme Court had granted *certiorari* in the *Gizoni* case, claiming that this case was identical to *Gizoni* in that defendants in both cases claimed that the plaintiff was a longshoreman, whose exclusive remedy was provided under the LHWCA.

■ Campbell Industries also argues that because Mr. Figueroa recovered as a "nonseaman" under the LHWCA, collateral estoppel applies, barring any subsequent action as a "seaman" under the Jones Act. However, here, just as in *Gizoni,* the jurisdictional issue was not previously litigated, and no finding in that regard was made at the administrative level. This is evidenced by the Compensation Order issued by the Department of Labor which makes findings of fact, none of them regarding the jurisdictional issue.

■ Collateral estoppel bars a party from relitigating an issue if (1) the issue at stake is identical to the one alleged in the prior litigation; (2) the issue was actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation was a critical and necessary part of the judgment in the earlier action. *Clark v. Bear Stearns & Co.,* 966 F.2d 1318, 1320 (9th Cir.1992). The record does not reflect an express finding by anyone that Mr. Figueroa was not a "master or member of a crew" for purposes of the LHWCA. Therefore, collateral estoppel is not applicable here.

Courts that have addressed the precise issue of whether the jurisdictional issue must be actually litigated for estoppel to apply in this situation have found that if the jurisdictional issue was not contested and no finding was made at the administrative level, a plaintiff is not estopped from bringing a Jones Act claim. *See Guidry v. Ocean Drilling and Exploration Co.*, 244 F.Supp. 691 (W.D.La. 1965), where the court held that "where the Deputy Commissioner's finding and award do not disclose any facts upon which his jurisdiction existed, the rule should be and is that complainant's right to determine his status as a seaman under the Jones Act, 46 U.S.C.App. § 688, is not prejudiced thereby, and these questions are not subject to a plea of res adjudicata under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. 921(a)" *Id.* at 692 (citations omitted). *See also Biggs v. Norfolk Dredging Co.*, 360 F.2d 360 (4th Cir.1966) where the court held that an employee injured aboard his employer's ship may, on the allegation that he is a seaman, sue his employer for damages under the Jones Act or general maritime law, even after deliberately obtaining compensation under the LHWCA on the allegation that he is not a seaman. "Compensation statutes are not intended to deprive a seaman ... of historic rights." *Id.* at 363. Appellant cites no cases holding otherwise. Instead, Campbell Industries relies on cases setting forth general principles and the public policy justification for the use of estoppel in situations where estoppel is appropriate, this not being such a case.

Under the reasoning of the *Gizoni* Court, it is entirely possible that Mr. Figueroa might be a "seaman" under the Jones Act, and still, at the time of the accident, have been employed in a position enumerated under the LHWCA such as waysman/driver, rather than as a "master or crew member of a vessel", although no finding was made below in that regard. Alternatively, the benefits under the LHWCA might have been erroneously awarded in this case to a "master or crew member of a vessel." In either case, Mr. Figueroa is not precluded from recovery under the Jones Act due to his recovery under the LHWCA.

*Gizoni* mandates a conclusion that Mr. Figueroa, an injured seaman, arguably acting as a person enumerated under the LHWCA at the time of his injury, is entitled to recover for his pain and suffering under the Jones Act, and additionally can recover for unpaid wages and medical expenses either by recovering workers' compensation benefits or by recovering those damage elements under the Jones Act, although not both. Clearly, Mr. Figueroa was entitled to bring an action for his pain and suffering under the Jones Act, having already recovered benefits for his unpaid wages and medical expenses from workers' compensation.

AFFIRMED, as modified in the accompanying memorandum disposition.