STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

03-461

MICHAEL GROS

VERSUS

FRED SETTOON, INC.

**********
APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 97-58097
HONORABLE KEITH J. COMEAUX, PRESIDING

**********
SYLVIA R. COOKS
JUDGE
**********

Court composed of Sylvia R. Cooks, John D. Saunders and Jimmie C. Peters, Judges.

REVERSED.

Daniel J. Nail
102 B East Bayou Road, Suite 1
Thibodaux, LA 70301
(985) 447-5719
COUNSEL FOR APPELLANT:
    Michael Gros

Anthony F. Whitford
D.C. Panagiotis, Ltd.
600 Jefferson Street, Suite 603
Lafayette, LA 70501
(337) 264-1516
COUNSEL FOR APPELLEES:
    Fred Settoon, Inc. and Settoon Construction, Inc.

**COOKS, Judge.**

Michael Gros, appeals the trial court's grant of partial summary judgment dismissing his Jones Act claims for negligence, unseaworthiness, and maintenance and cure because he received benefits under the Longshoreman's and Harbor Workers' Compensation Act (LHWCA), 33 USC 905(b). For the following reasons, we reverse.

### FACTS AND PROCEDURAL HISTORY

On March 1, 1996, Michael Gros alleges he severely injured his back while in the employ of Settoon, Inc., and on assignment to Settoon Construction, Inc. Gros stated he injured his back while attempting to lift and hold up a heavy load while working on a barge owned by Settoon Construction, Inc. The barge allegedly shifted and rolled due to the weight and movement of the operation.

Alleging his status as a seaman, Gros subsequently made claims of negligence, unseaworthiness, and maintenance and cure against Settoon Construction under the Jones Act. Gros also filed a claim for vessel negligence against Settoon Construction in its capacity as a vessel owner under the Longshoreman's and Harbor Workers' Compensation Act (LHWCA), 33 USCS §905(B). Gros had previously received an award of benefits pursuant to the Longshoreman's and Harbor Workers' Compensation Act (LHWCA). At the hearing to determine Gros' entitlement to longshoreman's benefits, the employer argued Gros was a shore based worker entitled only to Louisiana Workers' Compensation Act, La.R.S. 23:1021, et seq., benefits and that his maritime employment was insufficient to qualify him for benefits under the LHWCA. The Administrative Law Judge found Gros' injury upon navigable waters was sufficient

to qualify him for benefits under the LHWCA.

The Defendants (Settoon, Inc. and Settoon Construction, Inc.) filed a motion for Partial Summary Judgment contending all of Gros' claims based on seaman status should be dismissed because of his voluntary receipt of LHWCA benefits. Gros argued the question of seaman status was never litigated during the trial for longshoreman's benefits, and therefore, he was entitled to a determination of his seaman status. The trial court granted the Defendant's partial motion for summary judgment and dismissed Gros' Jones Act claims for negligence, unseaworthiness, and maintenance and cure. The trial court, in oral reasons for judgment, stated:

> But without – I think the language in most of the cases say with a formal award [of LHWCA benefits], which we have in this particular case, I think I'm probably – the United States Supreme Court has indicated . . . he is precluded from advancing the seaman claim and I'm going to rule that way and grant the summary judgment.

Gros appeals the trial court's ruling.

### ANALYSIS

In support of his argument that the trial court erred in granting defendant's partial motion for summary judgment, Gros directs this court to the Tulane Law Review comment, *The Overlap Preclusion Trap Between the Jones Act and the Longshore and Harbor Workers' Compensation Act,* 76 Tul.L.Rev. 783, by Victoria Holstein. That article notes the conflict currently existing among the federal circuits on whether a formal award of benefits under the LHWCA precludes a subsequent Jones Act suit. The article proposes that the LHWCA does not mandate such a preclusive effect.

We are satisfied, during the administrative hearing to determine Gros' entitlement to LHWCA benefits, seaman status was not at issue. The administrative

law judge dealt only with Gros' right to compensation under the Louisiana Workers' Compensation Act versus his right under the LHWCA.

Gros notes that any award to him as a Jones Act seaman would be reduced by the benefits paid to him under the LHWCA. Thus, there is no problem with double recovery and no basis for collateral estoppel exists.

In *Southwest Marine Inc. v. Gizoni*, 502 U.S. 81, 112 S.Ct. 486 (1991), a foreman for a ship repair operation sought and received *voluntarily* paid benefits under the LHWCA as a result of injuries he sustained while working on a floating platform owned by his employer. He later filed a Jones Act claim against the employer. The federal district court granted summary judgment because Gizoni was not a seaman and, as an enumerated worker under the LHWCA, he was precluded from bringing his action. The Ninth Circuit Court of Appeal reversed, holding Gizoni's status was an issue of fact and, because the LHWCA does not cover seaman, he might have been eligible for a Jones Act award. *Gizoni v. Southwest Marine, Inc.*, 909 F.2d 385 (9th Cir.1990).

The United States Supreme Court affirmed the Ninth Circuit ruling, holding the two statutory compensation regime are mutually exclusive and that a maritime worker is limited to LHWCA remedies *only* if no genuine issue of fact exists as to whether he is a Jones Act seaman. The court noted "[b]y its terms the LHWCA preserves the Jones Act remedy for vessel crewman, even if they are employed by a shipyard." *Southwest Marine,* 502 U.S. at 89. The Supreme Court emphasized the seaman status inquiry is fact-specific and is dependent upon the claimant's "employment-related connection to a vessel in navigation." *Id.* at 88. In rejecting the employer's argument that receipt of voluntarily paid LHWCA benefits

precludes a subsequent claim under the Jones Act, the Court stated:

> It is by now "universally accepted" that an employee who receives voluntary payments under the LHWCA without a formal award is not barred from seeking relief under the Jones Act. This is so, quite obviously, because the question of coverage has never actually been litigated. Moreover, the LHWCA clearly does not comprehend such a preclusive effect, as it specifically provides that any amounts paid to an employee for the same injury, disability, or death pursuant to the Jones Act shall be credited against any liability imposed by the LHWCA. (Citations omitted.)

*Id.* at 91-92.

In the aftermath of *Gizoni*, the federal circuits have split in their interpretation of the absence of prior litigation over seaman status and congressional intent underlying the LHWCA. The Fifth Circuit Court of Appeal in *Sharp v. Johnson Bros. Corp.*, 973 F.2d 423 (5th Cir.1992) limited *Gizoni's* application to cases involving voluntarily paid benefits.

In that case, Sharp was injured while repairing a railroad drawbridge from aboard a barge chartered by his employer. The employer voluntarily began paying Sharp LHWCA benefits. Subsequently, Sharp filed a Jones Act suit. The employer then ceased paying LHWCA benefits, and Sharp filed a LHWCA claim. The employer raised the defense that Sharp was a Jones Act seaman and thus not eligible for LHWCA compensation.

The district court eventually granted a directed verdict against Sharp on his Jones Act claim on the grounds he was not a seaman. Sharp appealed that decision to the Fifth Circuit Court of Appeal. Prior to his appeal being heard, Sharp and his employer settled his LHWCA claim. A final release was executed and an administrative law judge approved the LHWCA settlement. The appellate court heard argument on the appeal of the directed verdict, and no one representing any

of the parties mentioned the settlement. The Fifth Circuit reversed the district court, finding that a question of fact existed as to whether Sharp worked aboard a fleet of vessels and was therefore eligible for seaman status. *Sharp v. Johnson Bros. Corp.*, 917 F.2d 885 (5th Cir.1990).

The district court subsequently granted summary judgment against Sharp, holding as a result of the settlement he had elected his remedy and was precluded from filing suit based upon the Jones Act. Sharp appealed that decision. In affirming the district court's judgment, the Fifth Circuit held that an approved LHWCA settlement constituted a formal award that barred a Jones Act claim. The *Sharp* court reasoned as follows:

> It is beyond cavil that merely accepting voluntary payments under the LHWCA without a formal award does not bar a worker from filing a Jones Act suit. Here, though, Sharp obtained a settlement agreement and a compensation order issued by the ALJ. We have treated such an agreement and order as a "formal award."
>
> . . . .
>
> It is true that LHWCA coverage was never litigated in an adversarial proceeding. But Sharp availed himself of the statutory machinery to bargain for an award, and he had the full opportunity to argue for (or against) coverage.

*Sharp*, 973 F.2d at 426.

The *Sharp* court found that a claimant was not barred from seeking two remedies, but merely from receiving two awards, thus, imparting preclusive effect to the settlement did not violate the claimant's election of remedies. The court noted "[t]he LHWCA was not designed to create a mere safety net, guaranteeing workers a minimum award as they seek greater rewards in court." *Id.* at 427.

In conflict with the Fifth Circuit's approach in Sharp, the Ninth Circuit Court

of Appeal held, in *Papai v. Harbor Tug and Barge Co.*, 67 F.3d 203 (9th Cir.1995), *rev'd on other grounds*, *Harbor Tug and Barge Co. v. Papai*, 520 U.S. 548, 117 S.Ct. 1535 (1997), that a claimant's receipt of benefits under the LHWCA, after a decision and order had been issued, did not preclude him from bringing a subsequent Jones Act suit. After noting the "universally accepted" maxim that an employee who receives *voluntary* payments under the LHWCA *without a formal award* is not precluded from seeking subsequent relief under the Jones Act, the *Papai* Court explained:

> The distinction between *Gizoni* and the case at bar is that here plaintiff's LHWCA claim was fully adjudicated before the ALJ who rendered a final decision. That the LHWCA claim was never actually litigated was the basis for the *Gizoni* Court's holding that receipt of LHWCA benefits did not automatically preclude subsequent litigation under the Jones Act. However, the Court went on to recognize further support for its holding, which is applicable here: "Moreover, the LHWCA clearly does not comprehend such a preclusive effect, as it specifically provides that any amounts paid to an employee for the same injury, disability, or death pursuant to the Jones Act shall be credited against any liability imposed by the LHWCA" *Id.*, at 91-91, 112 S.Ct at 494. The Supreme Court further stated in a footnote addressing an equitable estoppel argument made by amicus brief, "[w]here full compensation credit removes the threat of double recovery, the critical element of detrimental reliance does not appear. [Citations omitted.] argument by amicus would force injured maritime workers to an election of remedies we do not believe Congress to have intended." *Id.*, at 92, n. 5, 112 S.Ct. at 494, n. 5.

> In determining whether the prior litigation of plaintiff's LHWCA claim bars his subsequent Jones Act claim, we are mindful of the reasoning expressed by the *Gizoni* court and are further concerned with the fairness in imposing such a bar where it could work a disincentive on the part of the employer to vigorously litigate its defense in the LHWCA action. This is so because the parties are on the opposite sides of the seaman issue under the LHWCA as compared with their positions under the Jones Act. Furthermore, imposing such a bar would result in subjecting to suit an employer who immediately and voluntarily begins compensation payments while immunizing from suit an employer who forces his employee to seek compensation

-6-

through litigation.

. . . .

Recognizing that a bar to relitigation would not serve the purpose for which it is usually employed since the parties are forced to take inconsistent positions under the Jones Act and the LHWCA and extending the reasoning of the *Gizoni* Court to the next logical step, we hold that plaintiff's litigation of his LHWCA claim does not bar his subsequent Jones Act claim.

*Id.* at 207-08.

In *Figueroa v. Campbell Industries*, 45 F.3d 311 (9th Cir.1995), a shipyard worker who sustained injury while working aboard his employer's boat, filed a Jones Act claim after receiving both LHWCA and state workers' compensation benefits. The Ninth Circuit held that an approved LHWCA settlement does not preclude a Jones Act claim because, "just as in *Gizoni*, the jurisdictional issue was not previously litigated, and no finding in that regard was made at the administrative level." *Id.* at 315. The *Figueroa* court specifically rejected the employer's argument that an approved settlement necessarily meant a "finding was implicitly made that Mr. Figueroa was 'not a member of a crew' and not a 'seaman,'" and thus, *Gizoni* did not apply. The *Figueroa* court noted that *Gizoni* emphasized that the justification for its decision was not that a formal award had not been issued, but rather that double recovery under the two statutes is precluded. Thus, the receipt of a LHWCA award, statutorily limited to compensation for medical expenses and lost wages, would not preclude a Jones act claim for pain and suffering. *Id.* at 316.

The three cases set forth above each present a different interpretation of the Supreme Court's opinion in *Gizoni*. The *Sharp* court essentially stated since *Gizoni*

held a voluntary receipt of benefits would not bar a subsequent Jones Act claim, it would impliedly follow that a formal award of LHWCA benefits would bar a subsequent Jones Act claim. In *Figueroa,* the Ninth Circuit found the *Gizoni* decision hinged on the fact that double recovery was prevented by the credit provision in the LHWCA. It did not find relevant any distinction between the voluntary receipt of LHWCA benefits and a formal award. In *Papai*, the Ninth Circuit also held policy, legislative intent, and the wording of the LHWCA, overcame any requirement to impart preclusive effect to a final award of benefits.

We have thoroughly reviewed the jurisprudence and find no cases in Louisiana which have addressed the issue of whether a formal award of LHWCA benefits would preclude the filing of a Jones Act claim. After examining the above cited cases, we find the Ninth Circuit's decision in *Papai* the best interpretation of the Supreme Court's decision in *Gizoni*, the wording of the LHWCA and congressional intent. *Papai* concluded, and we agree, that Congress envisioned the pursuit of both LHWCA and Jones Act claims, and Congress took measure to prevent double recovery with the LHWCA's credit provision.

We do note, although the LHWCA credit provision does ostensibly prevent double recovery for the plaintiff, a real possibility exists that an employer may be forced to engage in repetitious litigation. Despite this possibility, it seems apparent to us that the credit provision of the LHWCA clearly indicates an intent on Congress' part to allow for recovery under both the LHWCA and the Jones Act. Therefore, we reverse the trial court's judgment granting the employer's Motion for Partial Summary Judgment and dismissing Gros' Jones Act claims with prejudice.

The employer argues even if it is concluded that seaman status must be determined, in light of Gros' work history "it is obvious that he cannot possibly meet the seaman status criteria as a matter of law." In support of this assertion, the Defendants cite the administrative law judge's decision on LHWCA benefits wherein he stated "claimant spent at least 5-10% of his time in a covered activity, a 'not insubstantial' amount of his work on navigable waters." We find this argument without merit. The administrative law judge's opinion concerned only whether Gros was a covered worker under the LHWCA. The administrative law judge specifically stated Gros "spent *at least* five ot ten percent of his time in a covered activity, *which is enough to invoke coverage under the Act*." (Emphasis added). Gros' ability to prove seaman status under the Jones Act was not at issue.

## DECREE

For the foregoing reasons, the judgment of the lower court granting the Motion for Partial Summary Judgment is reversed. All costs of this appeal are assessed against Settoon, Inc. and Settoon Construction, Inc.

**REVERSED.**