## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| JEREMY GIBSON, | No.  49340-3-II |
| Appellant. | |
| v. | |
| AMERICAN CONSTRUCTION COMPANY, INC., a Washington corporation, | PUBLISHED OPINION |
| Respondent. | |

SUTTON, J. — This case presents an issue of first impression in Washington—whether an injured maritime worker who accepts voluntary benefits and settles his claim under the Longshore and Harbor Workers' Compensation Act (LHWCA),[1] when there is no adjudication of his status as a non-seaman under the LHWCA, is barred from pursuing claims against the vessel owner for personal injuries under the Jones Act.[2]  We hold that, because Jeremy Gibson's maritime worker status as a non-seaman was never adjudicated under the LHWCA and the compensation order did not expressly resolve this issue under the LHWCA, under *Gizoni*,[3] Gibson's Jones Act claims are not barred, and election of remedies, equitable estoppel, and collateral estoppel do not apply.  Thus,

---

[1] The LHWCA provides federal workers' compensation benefits to eligible land-based maritime workers.  33 U.S.C. §§ 901-950.

[2] The Jones Act provides eligible sea-based maritime workers a recovery for damages based on an employer's negligence.  46 U.S.C. § 30104.

[3] *Sw. Marine, Inc. v. Gizoni*, 502 U.S. 81, 112 S. Ct. 486, 116 L. Ed. 2d 405 (1991).

we reverse the superior court's summary judgment dismissal order of Gibson's Jones Act claims, and remand for further proceedings consistent with this opinion.

FACTS

In August 2013, American Construction Company, Inc. (American), employed Gibson as a mechanic in its marine construction department. Gibson fell through a hatch while working on a crane barge moored at American's dock. He was treated for head, back, neck, arm, and leg injuries.[4] Gibson continued to receive medical treatment over the next nine months and received medical payments from American.

In May 2014, Gibson quit working and filed a claim with the U.S. Department of Labor (Department) for disability and medical benefits under the LHWCA. American paid Gibson disability and medical benefits under the LHWCA from May 2014 to December 2015.

In December 2015, the parties agreed to settle the LHWCA claim, signed a settlement agreement, and submitted an application to the Department's district director for approval under 33 U.S.C. § 908(i) of the LHWCA.[5] The parties agreed that Gibson contended that he suffered a

---

[4] Gibson also alleges more serious injuries, including degenerative softening of the spinal cord.

[5] 33 U.S.C. § 908(i) provides, in relevant part:

> (1) Whenever the parties to any claim for compensation under this chapter, including survivors benefits, agree to a settlement, the deputy commissioner or administrative law judge shall approve the settlement within thirty days unless it is found to be inadequate or procured by duress. Such settlement may include future medical benefits if the parties so agree. No liability of any employer, carrier, or both for medical, disability, or death benefits shall be discharged unless the application for settlement is approved by the deputy commissioner or administrative law judge. If the parties to the settlement are represented by counsel, then agreements shall be deemed approved unless specifically disapproved within thirty days after submission for approval.

work related injury, the claim was subject to the LHWCA, that a speedy resolution was in his best interest, and that by paying the agreed amount, American discharged its liability for the LHWCA claim.

The Department's district director approved the agreed settlement and signed a final compensation order in December 2015, closing Gibson's LHWCA claim. The compensation order stated in whole:

> Pursuant to agreement and stipulation by and between the interested parties, and such further investigation in the above-entitled claim having been made as is considered necessary, and no hearing having been applied for by any party in interest or considered necessary by the District Director, the District Director makes the following:

> FINDINGS OF FACT

> 1. That the claimant alleges accidental injury arising out of and in the course of employment with the employer on or about 08/08/2013.
> 2. That liability of the employer for compensation under the above cited Act was insured by the American Longshore Mutual Assn. Ltd.
> 3. The parties have agreed to settle the claim as outlined in the attached settlement agreement.
> 4. The District Director, pursuant to § 8(i) of the Longshore and Harbor Workers' Compensation Act and 20 CFR 702.243,[6] finds the settlement adequate and not procured by duress.

> ORDER

> Pursuant to Section 8(i) of the Longshore and Harbor Workers' Compensation Act, the District Director having reviewed the attached agreement and stipulation by and between the interested parties hereby approves the agreed settlement. This

---

. . . .

(3) A settlement approved under this section shall discharge the liability of the employer or carrier, or both. Settlements may be agreed upon at any stage of the proceeding including after entry of a final compensation order.

[6] 20 C.F.R. 702.243 details the procedures for an adjudicator to approve an agreed settlement under the LHWCA.

approval effects a final disposition of the claim, discharging the liability of the employer and insurance carrier in accordance with the terms of the settlement. The employer and insurance carrier are hereby ordered to pay all amounts due.

Clerk's Papers at 41.

In March 2016, Gibson filed a Jones Act complaint against American for negligence, unseaworthiness, and vessel owner negligence for his 2013 injuries. In his complaint, he alleged that he was both a sea-based and land-based maritime worker. American filed a CR 12(b)(6) motion to dismiss based on failure to state a claim upon which relief can be granted and submitted declarations. American argued that the LHWCA compensation order precluded Gibson from bringing a Jones Act claim and asserted election of remedies, equitable estoppel, and collateral estoppel. Gibson responded that the compensation order did not resolve his maritime worker status because his status was never adjudicated in a formal hearing under the LHWCA. The superior court denied the motion to dismiss.

American filed a motion for reconsideration, asserting the same arguments. The superior court granted American's motion for reconsideration and dismissed Gibson's Jones Act claims with prejudice. Gibson appeals.

ANALYSIS

Gibson argues that the trial court erred in dismissing his Jones Act claims because (1) under *Gizoni,* the issue of his maritime worker status, non-seaman or seaman, was never adjudicated and the compensation order did not expressly resolve this issue under the LHWCA, (2) any LHWCA recovery he has received will be credited to his employer if he is successful in his Jones Act claims, and (3) election of remedies, equitable estoppel, and collateral estoppel do not apply to bar his Jones Act claims. We hold that, because Jeremy Gibson's maritime worker status as a non-seaman

4

was never adjudicated under the LHWCA and the compensation order did not expressly resolve this issue under the LHWCA, under *Gizoni*, Gibson's Jones Act claims are not barred, and election of remedies, equitable estoppel, and collateral estoppel do not apply.

## I. LEGAL PRINCIPLES

Dismissals under CR 12(b)(6) are proper "only where there is not only an absence of facts set out in the complaint to support a claim of relief, but there is no hypothetical set of facts that could conceivably be raised by the complaint to support a legally sufficient claim." *Worthington v. Westnet,* 182 Wn.2d 500, 505, 341 P.2d 995 (2015). If a party brings a motion to dismiss under CR 12(b)(6), but "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in [CR] 56." CR 12(b)(7). Declarations submitted in a CR 12(b)(6) motion are "matters outside the pleadings" that convert the CR 12(b)(6) motion into a summary judgment under CR56(c). *Didlake v. State*, 186 Wn. App. 417, 422, 345 P.3d 43, *review denied*, 184 Wn.2d 1009 (2015).

Here, the superior court considered facts beyond those stated in the complaint, including American's declarations. Therefore, we treat the superior court's dismissal order as a decision on a motion for summary judgment. CR 12(b)(7).

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). "If reasonable minds can reach only one conclusion on an issue of fact, that issue may be determined on summary judgment." *Sutton v. Tacoma Sch. Dist. No. 10*, 180 Wn. App. 859, 865, 324 P.3d 763 (2014). We review a superior court's decision on summary judgment de novo. *Didlake*, 186 Wn. App. at 422.

II. MARITIME WORKERS' COMPENSATION—THE LHWCA AND THE JONES ACT

"[M]aritime actions brought in Washington courts 'are governed by federal maritime law.'" *Tabingo v. Am. Triumph*, *LLC*, 188 Wn.2d 41, 46, 391 P.3d 434 (2017) (quoting *Clausen v. Icicle Seafoods, Inc.*, 174 Wn.2d 70, 76, 272 P.3d 827 (2012)).

A. THE LHWCA

The LHWCA provides a comprehensive scheme to pay compensation to an eligible land-based maritime worker for disability or death. *See* 33 U.S.C. §§ 902-03. The LHWCA excludes "a master or member of a crew of any vessel" from its maritime workers' compensation provisions. 33 U.S.C. § 902(3)(G). Masters and crewmembers excluded under the LHWCA are seamen entitled to sue the employer for damages under the Jones Act. *Harbor Tug & Barge Co. v. Papai*, 520 U.S. 548, 553, 117 S. Ct. 1535, 137 L. Ed. 2d 800 (1997).

Under the LHWCA, payments are made to the qualified maritime worker regardless of employer fault. 33 U.S.C. § 904(b). In exchange for scheduled benefits for the worker, the employer is immune from a lawsuit for the injury. 33 U.S.C. § 905(a). Once a LHWCA claim is filed, it is presumed that such a claim falls within the act. 33 U.S.C. § 920(a). The LHWCA pays an injured maritime worker a schedule of benefits for time loss while they are temporarily disabled. 33 U.S.C. § 908(b). The LHWCA also allows an injured worker to recover for partial, total, and permanent and temporary disability, or death. 33 U.S.C. §§ 908-09.

When Congress excluded seamen from the LHWCA, they also amended the LHWCA to add a credit provision for the liable employer to offset any Jones Act damages award by any liability imposed on the employer under the LHWCA. 33 U.S.C. § 903(e).[7]

The LHWCA requires employers to pay benefits voluntarily, without an award. 33 U.S.C. §§ 904, 914(a). Where LHWCA benefits are contested, the Department may investigate and hold hearings and there may be a trial before an administrative law judge (ALJ) whose order is subject to review by a review board. 33 U.S.C. §§ 908, 914(h). The LHWCA is remedial in nature and is to be liberally construed in favor of the injured worker. *Voris v. Eikel*, 346 U.S. 328, 333, 74 S. Ct. 88, 98 L. Ed. 2d 5 (1953).

B. THE JONES ACT

Seamen injured on the job generally do not qualify for federal or state workers' compensation benefits. *Clausen*, 174 Wn.2d at 76. Congress enacted the Jones Act to afford injured seamen with relief by permitting them to pursue a cause of action against a vessel owner for negligence. *Chandris, Inc. v. Latsis*, 515 U.S. 347, 354, 115 S. Ct. 2172, 132 L. Ed. 2d 314 (1995).

---

[7] 33 U.S.C. § 903(e) provides:

> Notwithstanding any other provision of law, any amounts paid to an employee for the same injury, disability, or death for which benefits are claimed under this chapter pursuant to any other workers' compensation law or [the Jones Act] shall be credited against any liability imposed by this chapter.

Instead of federal or state workers' compensation, a seaman has a right to maintenance and cure after a workplace injury—room, board, and medical expenses during recovery. *Dean v. Fishing Co. of Alaska*, Inc., 177 Wn.2d 399, 405-06, 300 P.3d 815 (2013). Injured seamen may also seek relief against a vessel owner alleging the vessel's unseaworthiness. *Chandris*, 515 U.S. at 354. Like the LHWCA, the Jones Act is to be liberally construed in favor of the injured worker. *Urie v. Thompson*, 337 U.S. 163, 180, 69 S. Ct. 1018, 93 L. Ed. 2d 1282 (1949).

C.  RELATIONSHIP BETWEEN THE LHWCA AND THE JONES ACT

The United States Supreme Court has described these two acts as

> complementary regimes that work in tandem:  The Jones Act provides tort remedies to *sea*-based maritime workers, while the LHWCA provides workers' compensation to *land*-based maritime employees.

*Stewart v. Dutra Const. Co.*, 543 U.S. 481, 488, 125 S. Ct. 1118, 160 L. Ed. 2d 932 (2005). But the remedies available to an injured seaman under the Jones Act are generally more extensive than those afforded to an injured maritime worker under the LHWCA. *E.g.*, *Simms v. Valley Line Co.*, 709 F.2d 409, 411-12 (5th Cir. 1983).

A maritime worker is either a non-seaman covered by the LHWCA or a seaman covered by the Jones Act. *Harbor Tug*, 520 U.S. at 553 (quoting *Chandris*, 515 U.S. at 355-58). The determination of whether a maritime worker is a seaman is a mixed question of law and fact, rather than purely factual. *Sw. Marine, Inc. v. Gizoni*, 502 U.S. 81, 87–88, 112 S. Ct. 486, 116 L. Ed. 2d 405 (1991). "Land-based maritime workers do not become seamen because they happen to be working on board a vessel when they are injured, and seamen do not lose Jones Act protection when the course of their service to a vessel takes them ashore." *Chandris*, 515 U.S. at 361. Although the acts are complementary and are to be liberally construed, the acts overlap in practice;

injured maritime workers, whose work is both sea-based and land-based, face a "'zone of uncertainty'" regarding the relationship between the acts. *Simms*, 709 F.2d at 411 (quoting *McDermott, Inc. v. Boudreaux*, 679 F.2d 452, 459 (5th Cir. 1982).

III. PRECLUSIVE EFFECT OF THE ORDER APPROVING AN AGREED LHWCA SETTLEMENT

Here, the issue is whether Gibson's Jones Act claims are barred by a compensation order approving an agreed settlement of his LHWCA claim. Gibson argues that, under *Gizoni*, there must be formal adjudication of his maritime worker status as a non-seaman under the LHWCA, and because the compensation order did not resolve this issue under the LHWCA, his Jones Act claims are not barred. We agree.

The Supreme Court in *Gizoni* addressed whether an injured maritime worker's receipt of benefits under the LHWCA bars Jones Act claims. *Gizoni*, 502 U.S. at 91-92. The Court held:

> It is by now "universally accepted" that an employee who receives voluntary payments under the LHWCA without a formal award is not barred from subsequently seeking relief under the Jones Act. *This is so, quite obviously, because the question of coverage has never actually been litigated. Moreover, the LHWCA clearly does not comprehend such a preclusive effect*, as it specifically provides that any amounts paid to an employee for the same injury, disability, or death pursuant to the Jones Act shall be credited against any liability imposed by the LHWCA.

*Gizoni*, 502 U.S. at 91-92 (emphasis added) (citations omitted).

The Supreme Court recognized that some maritime workers may be Jones Act seamen who are injured while also performing a job specifically enumerated under the LHWCA. *Gizoni*, 502 U.S. at 89. The Court stated:

>While in some cases a ship repairman may lack the requisite connection to a vessel in navigation to qualify for seaman status . . . not all repairmen lack the requisite connection as a matter of law. This is so because it is not the employee's particular job that is determinative, but the employee's connection to a vessel. By its terms the LHWCA preserves the Jones Act remedy for vessel crewmen, even if they are employed by a shipyard.

*Gizoni*, 502 U.S. at 89 (citations, footnote, and internal quotation marks omitted).

This point was reinforced by the Court's citation to *Simms*, which states that a "formal adjudication of seaman status" is a necessary prerequisite for any preclusive effect to derive from a claimant's receipt of LHWCA benefits. *Gizoni*, 502 U.S. at 91 (citing *Simms*, 709 F.2d at 412, nn.3, 5). The *Simms* court held that in order for res judicata or collateral estoppel to apply to Jones Act claims, there must be a "formal Board finding of non-seaman status." *Simms*, 709 F.2d at 412. The Supreme Court subsequently held that an injured maritime worker receives an "award" by virtue of his entitlement to informal benefits under the LHWCA without a formal administrative proceeding or a compensation order. *Roberts v. Sea-Land Services, Inc.*, 566 U.S. 93, 100, 132 S. Ct. 1350, 182 L. Ed. 2d 341 (2012).

Following *Gizoni*, the Ninth Circuit, in *Figueroa v. Campbell Industries*, held that a LHWCA settlement order which did not resolve the maritime worker's status under the LHWCA did not preclude Jones Act claims. *Figueroa v. Campbell Indus.*, 45 F.3d 311, 315 (9th Cir. 1995). The court held that

>just as in *Gizoni,* the jurisdictional issue was not previously litigated, and no finding in that regard was made at the administrative level. This is evidenced by the Compensation Order issued by the [Department] which makes findings of fact, none of them regarding the jurisdictional issue.

*Figueroa*, 45 F.3d at 315.

10

The *Figueroa* court noted that *Gizoni* emphasized that the justification for its decision was not that a formal award had not been issued, but rather that double recovery under the two statutes is precluded. *Figueroa*, 45 F.3d at 315. Thus, the *Figueroa* court reasoned that the receipt of a LHWCA award, which is statutorily limited to compensation for medical expenses and lost wages, would not preclude Jones Act claims for pain and suffering. *Figueroa*, 45 F.3d at 316.

*Gizoni* is controlling, and we adopt the reasoning of the Ninth Circuit in *Figueroa*.[8] Like the maritime worker in *Gizoni* and *Figueroa*, Gibson's maritime worker status as a non-seaman was not litigated or adjudicated under the LHWCA in a formal hearing. There was no specific finding or ruling on jurisdiction under the LHWCA in the compensation order. The compensation order approving the parties agreed settlement is an informal order, not a formal award. Gibson received an "award" under the LHWCA. But Gibson did not have a litigated decision as to his maritime worker status, non-seaman or seaman status, under the LHWCA as *Gizoni* contemplated. *Roberts*, 566 U.S. at 93. And there is no potential for double recovery by Gibson because any LHWCA payments are credited to American if Gibson prevails under the Jones Act. 33 U.S.C. § 903(e).

---

[8] We acknowledge that after *Gizoni*, the federal circuits have split on the issue of whether a maritime worker who accepts a final compensation order under the LHWCA is barred from pursing a claim for damages under the Jones Act. In contrast to the Ninth Circuit, the Fifth Circuit in *Sharp v. Johnson Bros. Corp.* held that an injured maritime worker's receipt of an approved LHWCA settlement and a compensation order issued by an ALJ constituted a "formal award" that barred a Jones Act claim. *Sharp v. Johnson Bros. Corp.*, 973 F.2d 423, 426 (5th Cir. 1992).

Gibson alleged in his complaint that he was both a sea-based maritime worker and a land-based maritime worker. Because we construe all facts in favor of the nonmoving party on summary judgment, the superior court erred in granting the reconsideration motion and dismissing Gibson's Jones Act claims with prejudice. We hold that because Gibson's maritime worker status as a non-seaman was never adjudicated under the LHWCA and the compensation order did not expressly resolve that issue under the LHWCA, Gibson's Jones Act claims are not precluded by the LHWCA settlement.

IV. ALTERNATE THEORIES

Gibson argues that his receipt of LHWCA benefits does not bar his claims under the Jones Act, and that election of remedies, equitable estoppel, and collateral estoppel do not apply. We agree.

A. ELECTION OF REMEDIES/EQUITABLE ESTOPPEL

The election of remedies doctrine "'refers to situations where an individual pursues remedies that are legally or factually inconsistent' with each other." *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 262, 129 S. Ct. 1456, 173 L. Ed. 2d 398 (2009) (quoting *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 49, 94 S. Ct. 1011, 39 L. Ed. 2d 147 (1974)). Equitable estoppel bars a claim when the evidence shows there was (1) an admission, statement or act inconsistent with a claim later asserted; (2) reasonable reliance on that admission, statement, or act by the other party; and (3) injury to the relying party if the court permits the first party to contradict or repudiate the admission, statement or act. *Heckler v. Cmty. Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 59, 104 S. Ct. 2218, 81 L. Ed. 2d 42 (1984).

*Gizoni* rejected the arguments that election of remedies or equitable estoppel apply when an injured maritime worker receives benefits under the LHWCA and then pursues claims under the Jones Act. *Gizoni,* 502 U.S. at 91-92. *Gizoni* held in part:

> Where full compensation credit removes the threat of double recovery, the critical element of detrimental reliance does not appear. Argument by amicus would force injured maritime workers to an election of remedies we do not believe Congress to have intended.

*Gizoni*, 502 U.S. at 91, n.5 (citations omitted). Thus, under *Gizoni*, election of remedies and equitable estoppel do not apply to bar Gibson's Jones Act claims.

B. COLLATERAL ESTOPPEL

Collateral estoppel applies "'[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" *B & B Hardware, Inc. v. Hargis Indus., Inc.*, __ U.S. __, 135 S. Ct. 1293, 1303, 191 L. Ed. 2d 222 (2015) (quoting RESTATEMENT *(*SECOND) OF JUDGMENTS § 27 (1980)).

Here, the threshold question is whether the issue of Gibson's maritime worker status was actually litigated and necessarily and finally determined in the earlier proceeding. *See B & B Hardware*, 135 S. Ct. at 1303. As discussed above, there was no formal adjudication of the facts or administrative proceeding to determine the nature and duration of Gibson's maritime worker status as to whether he was primarily sea-based or land-based. The compensation order approving the settlement of Gibson's LHWCA claim did not contain any specific finding of fact or conclusion of law that Gibson was a non-seaman under the LHWCA. Therefore, collateral estoppel does not apply. And we hold that Gibson is not collaterally estopped from pursuing his Jones Act claims.

No. 49340-3-II

CONCLUSION

We reverse and remand for proceedings consistent with this opinion.

_____
SUTTON, J.

We concur:

_____
MAXA, A.C.J.

_____
LEE, J.

14